# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON M. SIMMERS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF CHESTER COUNTY PENNSYLVANIA | : | NO. 10-0506 |
| | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                                  **June 22, 2010**

Brandon Simmers ("Simmers"), a state prisoner, has filed a *pro se* motion under Fed. R. Civ. P. 60(b)(6), seeking to vacate his conviction for second degree murder, third degree murder, robbery, and criminal conspiracy to commit robbery. He claims that the prosecution violated his constitutional rights when it prosecuted him on a theory of accomplice liability without notifying him and charging him with accomplice liability in the criminal information.

Simmers's motion is a second collateral attack on his underlying conviction. As such, his motion is a successive habeas petition. In addition, his motion is untimely. Therefore, the motion will be denied.

## Facts

After a jury convicted Simmers of second degree murder, third degree murder, robbery and conspiracy to commit robbery, he was sentenced to life imprisonment on the murder convictions and a concurrent term of 8 ½ to 17 years imprisonment for the robbery and conspiracy convictions. On February 21, 2001, the Pennsylvania Superior Court affirmed the convictions and the sentence. The Pennsylvania Supreme Court denied Simmers's allowance of appeal on October 11, 2001.

On October 9, 2002, Simmers filed a petition under the Pennsylvania Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. § 9541, et. seq. After an evidentiary hearing, the PCRA court denied the petition on December 31, 2003. The Pennsylvania Superior Court affirmed the PCRA court on November 4, 2004. On September 14, 2005, the Pennsylvania Supreme Court denied allocatur.

Simmers filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on November 5, 2006, claiming ineffective assistance of counsel, judicial misconduct and prosecutorial misconduct.

On March 28, 2007, after finding that Simmers's § 2254 petition was untimely and he was not entitled to equitable tolling, Magistrate Judge Peter Scuderi recommended that the petition for writ of habeas corpus be dismissed. On May 7, 2007, after an independent review of record, we approved and adopted the report and recommendation. Accordingly, we denied the petition for writ of habeas corpus and declined to issue a certificate of appealability.

On February 3, 2010, Simmers filed this Rule 60(b)(6) motion.

**Discussion**

Rule 60(b) may not be used to challenge a petitioner's underlying conviction after his habeas petition attacking that same conviction has been denied. It is not a substitute for appeal. *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (*quoting Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). In other words, a petitioner cannot relitigate the merits of his habeas petition under the guise of a Rule 60(b) motion.

Where the Rule 60(b) motion is a second habeas petition, the petitioner must seek approval from the Court of Appeals. *Benchoff v. Colleran*, 404 F.3d 812, 820 (3d Cir.

2

2005).  Absent such authorization, the district court is not permitted to consider the merits of the subsequent petition.  28 U.S.C. § 2244(b)(3)(A).

A determination whether the Rule 60(b) motion is a "second or successive" habeas petition turns on whether the petitioner is attempting to relitigate the merits of his earlier habeas petition or underlying conviction, or is attacking the "manner in which the habeas judgment was procured . . . ."  *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).  Where the motion is a renewed argument of issues decided in a previous habeas action, it is successive.  *Id*.  Where it challenges the integrity of the habeas proceedings, it is not a successive petition and may be considered.  *Id*.  Thus, the distinction is between a substantive attack on the underlying conviction and a structural attack on the habeas proceeding itself.  *Id*.

To avoid the bar against a "second or successive" petition, a petitioner may not couch his claims of error in his state court judgment in the language of a Rule 60(b) motion for relief from judgment.  *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005).  We must look beyond the label and examine the contents of the motion to determine what the petitioner actually challenges.

Here, Simmers is collaterally attacking his underlying state conviction.  He does not challenge the "manner in which the earlier habeas judgment was procured . . . ."  *Pridgen v. Shannon*, 380 F.3d at 727.  His motion, though styled as one under Fed. R. Civ. P. 60(b), is a "second or successive" habeas petition.

As was his earlier habeas petition, this motion is untimely.  A Rule 60(b) motion must be filed no later than a year after the entry of the judgment, order or proceeding.  Fed. R. Civ. P. 60(c)(1). Whether the motion attacks his conviction or the habeas proceeding,

3

it was not filed within one year. It is was filed two years and nine months after his habeas petition was denied.

## Conclusion

Simmers's motion filed under Rule 60(b) is a successive habeas petition that was filed without the approval of the Third Circuit. Even if it were not a successive, the motion is untimely. Therefore, the motion will be denied.